UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

KATHERINE J. BIDOUL,

    *Defendant*.
_____/

CASE NO. 09-12041

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(Doc. 7)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's motion for summary judgment be **GRANTED.**

### II.    REPORT

#### A.    Introduction

By order of U.S. District Judge Thomas L. Ludington, this student loan case was referred to the undersigned magistrate judge for general pretrial case management on August 24, 2009. Before the Court is Plaintiff's Motion for Summary Judgment, which was filed on September 29, 2009. Defendant was notified that the deadline for responding to the motion was October 23, 2009. (Doc. 9.) No response was filed. Accordingly, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), the motion is ready for report and recommendation without oral argument.

**B.     Background**

On May 27, 2009, the United States ("the Government") filed this action seeking a judgment against Bidoul for an unpaid student loan.  Attached to the complaint are:  (1) a copy of the loan application and promissory note signed by Bidoul; and (2) a Certificate of Indebtedness from the U.S. Department of Education.  (Doc. 1.)

Allegedly, Bidoul owes the United States of America a total of $6,842.53, comprised of $2,625.00 in principal and $4,217.53 in current capitalized interest balance and accrued interest. (Doc. 1 at 1 ¶ 3.)  The Government seeks entry of judgment (A) "[f]or the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;" (B) "[f]or attorneys' fees to the extent allowed by law;" and (C) "[f]or such other relief which the Court deems proper."  (*Id*. at 2 ¶ 4.)

Defendant Bidoul filed an answer to the complaint, stating that she

> admits procurement of a Student Loan in 1990 as stated in paragraph 3 and lacks knowledge and information sufficient to form a belief about the validity of the indebtness [sic], as wages were garnished for a Student Loan while defendant was employed by Beta Tech/Stanley between 1994-1999.

(Ans., Doc. 4 at 2.)

In its motion for summary judgment, the Government asserts that it has investigated Defendant's statement in her answer that her wages were garnished sometime between 1994 and 1999 to satisfy her student loan debt.  (Doc. 7 at 4.)  It has attached to its motion an affidavit from Lynda Faatalale, a loan analyst with the U.S. Department of Education, stating that:

> Defendant has three student loans. Two of these loans remain with the respective guaranty agencies, and have not been assigned to the Department of Education. With respect to the remaining loan that is the subject of this litigation, no payments have been received from any source.

(Doc. 7, Ex. C ¶ 3.)

### C.     Motion Standards

Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, and will be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

The non-moving party has an obligation to respond to the motion and present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 191 L. Ed. 2d 202 (1986).

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

**D.     Discussion**

Initially, I suggest that the Government has met is threshold requirement to "demonstrate the absence of a genuine issue of material fact," *Celotex*, 477 U.S. at 323, that Bidoul is indebted to the Government in the amount stated in the complaint. Indeed, Defendant admitted the underlying debt in her answer to the complaint.

In its motion, the Government provided evidence that Defendant has made no payments toward the student loan in question and, as stated, Defendant did not respond to the motion and therefore failed to meet her burden to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore*, 8 F.3d at 339-40. Accordingly, I suggest that Plaintiff's motion for summary judgment be granted.

**III.    REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are

4

advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                            s/ *Charles E Binder*
                                            CHARLES E. BINDER
Dated: November 17, 2009           United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Pamela Ritter, served by first class mail on Katherine J. Bidoul at 175 E. Fifth St., Mio, MI, 48647-9331, and served on District Judge Ludington in the traditional manner.

Date: November 17, 2009            By     s/*Jean L. Broucek*
                                                 Case Manager to Magistrate Judge Binder